## Cicero and Proviso Street Railway Company v. Frank Meixner.

1. JURY—*Jurors May Use Their Own Judgment.*—A jury must test the truth and weight of evidence and what it proves, by their knowledge and judgment derived from experience, observation and reflection.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

WM. H. BARNUM, S. S. PAGE, JOHN A. POST and JOHN B. BRADY, attorneys for appellant.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The case, as the appellee claims it to be, is that he was walking eastward between the tracks of the appellant, on

Cicero and Proviso St. Ry. Co. v. Meixner.

Madison street, a public highway, and gave a signal, by holding up his hand, that he wished to get upon an electric car of the appellant approaching from the west; that the speed of the car was slackened to about four miles an hour; that he attempted to get on the car; got hold of the "handles" of the front platform, and one foot on the step, when the speed was suddenly accelerated, his hold on the car broken, and he fell, and his left hand was cut off by one of the wheels of the car.

This version of the manner of the accident, while denied by several witnesses for the appellant, is supported by the testimony of the appellee himself, and two other witnesses.

The case comes within the rule as to our right to disturb the verdict that the appellee has recovered, which is referred to in North Chicago St. Ry. Co. v. Lotz, 44 Ill. App. 28. It would be useless here to repeat that evidence.

One of the grounds urged for a new trial was that in commenting upon the testimony of a witness for the appellant, who had testified that the car could not run more than seven or eight miles an hour, the attorney of the appellee said to the jury that they knew it to be untrue as a matter of common knowledge, and from their experience, that such cars could run thirty miles an hour or more.

Another witness for the appellant, a conductor on its road, had testified that the cars would run twelve miles an hour, and that he did not think they could run twenty miles an hour.

It is now urged that the attorney "had no right to make the jurors witnesses for the plaintiff." But a jury "must test the truth and weight of evidence, and what it proves, by their knowledge and judgment derived from experience, observation and reflection." Kitzinger v. Sanborn, 70 Ill. 146; Ottawa G. L. & C. Co. v. Graham, 28 Ill. 75.

It is perfectly well known that in the vicinity of Chicago there are hundreds of opportunities to witness the speed of electric cars to one of ox teams. Suppose a witness to testify that an ox team can not be made to go slower than seven miles an hour, and there is no contradiction; must a jury

believe it? If the experience of the jurors may be appealed to, then the hypothesis, though not true, does not constitute a ground for a new trial. There is some other criticism upon the conduct of that attorney, but the matter is not serious enough to require comment.

The appellant asked sixteen instructions. Nine of them were given without, and four with qualification. On the whole the instructions were more favorable to the appellant than the law will justify, and the counsel of the appellant concedes, in effect, that really it would have made no difference in the result if all the instructions had been given as asked.

It is altogether probable that the motorman did slack the speed, seeing the appellee walking in a direction that would lead across the track, fearing danger to the appellee, and when that danger was passed, without suspecting that appellee would try to get on the car, the motorman did turn on the electricity. But the questions of fact are settled by the verdict. The judgment is affirmed.